

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00100-CV

---

Joseph Richard Rozsa, Appellant

v.

2500 Hwy 183 LP, Appellee

---

On Appeal from the 345th District Court
Travis County, Texas
Trial Court No. D-1-GN-24-000381

---

## MEMORANDUM OPINION

This is an appeal from a temporary injunction prohibiting Appellant Joseph Richard Rozsa from occupying or interfering with a leased commercial property. The dispute arose from Appellee 2500 HWY 183, LP's (Landlord) efforts to evict Lessees Launch Commerce, LLC and Launch

Studios, LLC for non-payment of rent. Lessees and Rozsa were enjoined by the trial court, and Rozsa challenges the temporary injunction on appeal. For the reasons set forth below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2021, Launch Commerce entered into a commercial lease agreement with Landlord. Rozsa signed the agreement as President of Launch Commerce. In August 2023, Launch Studios assumed the lease, but Launch Commerce was not released from any obligations under the lease. Rozsa signed the "Assignment and Assumption of Lease" agreement as President of both Launch Commerce and Launch Studios (collectively, the LLCs). Rozsa also signed a personal guaranty. Landlord alleges that the LLCs failed to pay rent beginning in June 2023.

In October 2023, Landlord exercised a right it claimed the lease expressly provided—retaking the property by altering the locks and terminating the tenant's right of possession. Launch Studios responded by obtaining an *ex parte* writ of reentry from a justice court in November 2023. But two weeks later, after a hearing, the justice court dissolved the writ of reentry, finding that "the lockout by [Landlord] was not improper by the terms of lease" and the Launch Studios was "not entitled to continued use and enjoyment of the property[.]" The justice court set the amount of an appeal bond at $7,014. Launch Studios appealed that decision to a county court and attempted to meet the appeal bond requirement through Rosza filing an affidavit of inability to post appeal bond. Landlord successfully challenged that bond because (1) the affidavit addressed Rozsa's personal financials, not the LLCs', and (2) that type of affidavit does not apply to commercial leases. Finding that it lacked jurisdiction, the county court remanded the appeal to the justice court.

In January 2024, Landlord filed suit in a district court against the LLCs and Rozsa for breach of contract and trespass. A month later, it amended the petition to seek injunctive relief, claiming Rosza had filed a second *ex parte* writ of reentry with a justice court, which was later

2

dismissed with prejudice. Contending that a forcible entry and detainer action would not be an effective or useful remedy, Landlord sought a temporary and permanent injunction to order the LLCs and Rozsa to vacate the property and refrain from further interfering with it. The amended petition alleges that after the justice court held that Landlord was entitled to possession of the premises and the appeal of that decision was remanded, Launch Studies refused to leave. Additionally, it alleged that Rozsa was manipulating the "civil process in the justice court to prevent [Landlord] from its use and enjoyment of the property" by falsely swearing to facts that were not true. Adding causes of action for malicious prosecution and abuse of process against the LLCs and Rozsa, Landlord further claimed that Launch Studios "has continued to engage in conduct that disrupts other Tenants in the center and has harassed and made threats against the property manager and others."

Together, the LLCs and Rozsa filed a response, signed only by Rozsa. Rozsa is not an attorney. Because only a licensed attorney may represent an entity in a Texas district court, Landlord moved to strike the LLCs' answer.

In March 2024, the trial court heard and granted the Application for Temporary Injunction. Its order reflects that the LLCs did not appear through counsel, and Rozsa could not represent their interests. The order recites that the court took testimony and received evidence. The court's decision is supported by several findings, including:

9. [Landlord] has prevailed on two writs of reentry hearings, has terminated the Lease, and has requested Defendants to vacate the Premises. Defendants refuse to vacate the Premises, and remains in possession of the Premises without consent of the landlord.

10. Joseph Rozsa, an individual defendant has no independent right to use or occupy the Premises.

3

11. [Landlord] has a bona fide cause of action against Defendants for trespass and a probable right to the relief sought in this action for a continuing trespass. [Landlord] will in all likelihood prevail on the merits on its cause of action for trespass.

.  .  .

13. The lost use and interference of its property is probable, imminent, continuous, and constitutes irreparable injury to [Landlord]. Unless Defendants' acts are enjoined prior to trial on the merits, Defendants are likely to continue in their course of conduct, which threatens [Landlord] use and enjoyment of its property including its contractual rights, property rights, possessory rights, and financial interests.

The temporary injunction ordered the LLCs and Rozsa to surrender and vacate the property, and refrain from future interference with Landlord's right of possession and use. The order became effective on Landlord's posting of a $5,000.00 bond. The case was set for final trial in August 2024.

The LLCs and Rozsa then filed a notice of appeal from the temporary injunction order, signed only by Rozsa.[1] Rozsa alone filed an appellate brief for the LLCs and himself. Because corporate entities must be represented by a licensed attorney, we ordered the LLCs to file an amended notice of appeal and appellate brief complying with the rules of representation of corporate parties. *See* Tex. Gov't Code §§ 81.101–102 (prohibiting the practice of law in Texas unless the person is a member of the state bar); Tex. Gov't Code §§ 83.001–006 (prohibiting unlicensed persons from practicing law).

In response, Attorney Jamie D. Pesantes purportedly entered an appearance for the LLCs. Other pleadings followed: (1) a motion on behalf of the LLCs to adopt the brief previously filed by Rozsa; (2) an emergency motion to stay temporary injunction pending appeal; and (3) a motion

---

[1] The filing was in the Third Court of Appeals, as the property and lower courts are in Travis County. The appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. As such, we apply the precedent of the Third Court of Appeals to extent it may conflict with our own. Tex. R. App. P. 41.3.

4

to stay and vacate summary judgment ruling. We requested a response from Landlord. Almost immediately following the entry of appearance, Pesantes contacted this Court claiming that the filings made on behalf of the LLCs were fraudulent and allegedly submitted by his now-former paralegal without his authorization. He moved to withdraw the filings and to withdraw his name as attorney of record for the LLCs. Relying on Pesantes's representations as an officer of the court, we granted the motions. Concluding that the LLCs failed to appear and amend their filings in the time provided for by the court, we dismissed them from the appeal.

In response to Pesantes's filings, Landlord filed a combined motion to dismiss and motion for sanctions urging this Court to dismiss the appeal as an appropriate sanction for Rozsa's fraud on the Court. Specifically, Landlord alleged that Rozsa committed fraud by (1) explicitly representing to this Court and to Landlord that the LLCs had retained Pesantes, when they had not, (2) fabricating a false email and phone number for Pesantes, and (3) using the fabricated contact information and forged signature to make five filings in this Court. Rozsa disputed Pesantes's allegations, and we remanded the appeal to the trial court for a hearing to determine the truth of the disputed allegations.

In November 2024, the trial court held a hearing and found that no attorney-client relationship existed between Rozsa and Pesantes at the time the filings were made in this Court. It further found that Rozsa and the paralegal created a fraudulent email address and phone number, which they "together conspired to use and did use . . . in appellate filings for the purpose of misrepresenting that Mr. Pesantes filed the documents . . . and acted as counsel for [the LLCs] on appeal." Based on those findings, we concluded that the appropriate remedy was monetary sanctions. On a second remand, the trial court determined that Landlord incurred $35,519.02 in fees in addressing Rozsa's improper actions, which we then ordered as sanctions.

5

## II. ISSUES ON APPEAL

Rozsa subsequently filed an appellate brief on his own behalf, raising four issues. First, he claims the trial court abused its discretion by granting a temporary injunction based on a defective verification and insufficient evidence. Second, he contends Landlord failed to establish each of the necessary elements for a temporary injunction (a probable right to relief, irreparable harm, a balance of the equities, and maintenance of the status quo). Third, he maintains the trial court failed to comply with the procedural requirements of Texas Rule of Civil Procedure 683, rendering the injunction void or voidable. Fourth, he claims the trial court failed to issue proper findings of fact and conclusions of law, which failure prevents meaningful appellate review.

## III. STANDING AND MOOTNESS

As a preliminary matter, we must address challenges by the parties that implicate our jurisdiction.

First, we address challenges based on the standing of both parties to maintain this appeal. Standing is a prerequisite to subject-matter jurisdiction. *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015). Standing focuses on whether a party has a sufficient relationship with the lawsuit to have a "justiciable interest" in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). Standing may be raised at any time. *Id.* at 849.

Second, we address claims by both parties that this dispute is now moot. A case is moot if a controversy no longer exists between the parties. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). A case can become moot at any stage of the legal proceedings, including on appeal. *Id.* Courts of appeal are prohibited from deciding moot cases. *Nat. Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("This prohibition is rooted in the separation of powers

doctrine in the Texas and United States Constitutions that prohibits courts from rendering advisory opinions.").

## A. Landlord's standing challenge

In its brief on the merits, Landlord contends that Rozsa lacks standing to claim any right to possess the premises because only the LLCs have that right, and they are not parties to this appeal. Rozsa responds that he has standing as a guarantor, citing the following lease term:

> (c) Guarantor shall be bound by all the provisions, terms, conditions, restrictions and limitations contained in the Lease which are to be observed or performed by Tenant thereunder, the same as if Guarantor were named as the tenant therein;

Whether a party has standing, and thus whether a court has subject-matter jurisdiction, is a question of law subject to de novo review. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 282 (Tex. 2018). "To maintain standing, a plaintiff must show: (1) an injury in fact that is both concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the defendant's challenged action; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 696 (Tex. 2021). Texas Supreme Court precedent cautions, however, that "'extra-constitutional restrictions on the right of a particular plaintiff to bring a particular lawsuit' do not implicate standing in the jurisdictional sense." *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 912–13 (Tex. 2023) (quoting *Dyer v. Tex. Comm'n on Env't Quality*, 646 S.W.3d 498, 505 n.36 (Tex. 2022)). Thus "a plaintiff does not lack standing simply because some other legal principle may prevent it from prevailing on the merits; rather, a plaintiff lacks standing if its claim of injury is too slight for a court to afford redress." *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 696 (Tex. 2021) (internal quotation marks omitted); *see also Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 128–29

(Tex. App.—Dallas 2014, no pet.) ("Whether a party is entitled to sue on a contract is not truly a standing issue because it does not affect the jurisdiction of the court; it is, instead, a decision on the merits." (internal quotation marks omitted)).

We conclude that Landlord's standing challenge is a merits-based argument rather than a jurisdictional standing challenge. As to any jurisdictional challenge, Rozsa has at least some injury sufficient to allow him to challenge the trial court's order, as it found that Rozsa was a trespasser subjecting him to a damage claim and prohibiting him from taking other actions in the future apart from dispossessing him of the premises.

**B. Landlord's mootness challenge**

In a post briefing motion to dismiss, Landlord first claims the temporary injunction has been replaced by a permanent injunction, and once that happens, any challenge to the temporary injunction becomes moot. *See Isuani v. Manske-Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 236 (Tex. 1991) ("If, while on the appeal of the granting or denying of the temporary injunction, the trial court renders final judgment, the case on appeal becomes moot."). On June 12, 2024, while this appeal was pending, the trial court granted a partial summary judgment that found Rozsa guilty of trespass and granted a "permanent injunction" against Rozsa with six prohibitions, five of those identical to those in the temporary injunction.[2] The partial summary judgment order left pending the amount of damages from Rozsa's trespass.

---

[2] The "permanent injunction" added one new prohibition: "(e) refrain from preventing 2500 HWY 183 LP, its property manager representatives, or potential replacement tenants from accessing the property at 2500 Highway 183 Austin, Texas 78744, including without limitation the Premises located at Building 3, Suite 310." The Clerk's Record does not contain the partial summary judgment motion or any response. It is unclear why this additional injunction term was added. But Rozsa does not separately assign error to the inclusion of this added term, and we do not address it separately on appeal.

A temporary injunction preserves the status quo of the subject of a suit pending final disposition on the merits. *Matlock v. Data Processing Sec. Inc.*, 618 S.W.2d 327, 328 (Tex.1981). Thus, a temporary injunction generally expires upon rendition of a final judgment by the trial court or express order dissolving the injunction. *See Brines v. McIlhaney*, 596 S.W.2d 519, 523 (Tex. 1980); *Texas City v. Community Public Service Co.*, 534 S.W.2d 412, 414 (Tex. App.—Beaumont 1976, writ ref'd n.r.e.). The partial summary judgment is not a final judgment, nor does it expressly dissolve the prior temporary injunction. Rather, it adopts the bulk of the terms from the temporary injunction but labels the relief as a "permanent" injunction.

Landlord's reasoning that this "permanent" injunction moots this appeal would create an unintended anomaly in appellate procedure. Generally, only a final judgment is appealable. As an exception to that rule, a party may appeal an interlocutory order that "grants or refuses a temporary injunction." Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). There is no express statutory basis to appeal an interlocutory "permanent" injunction. To apply Landlord's reasoning, Rozsa's appeal of the temporary injunction would be dismissed for mootness, but he would be precluded from challenging, and be subject to, the interlocutory "permanent" injunction until it becomes final. His only redress would be claim that the "permanent" injunction is misnamed, and is in fact a new temporary injunction, and thus immediately appealable. *See Harley Channelview Props., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 35–36 (Tex. 2024) (holding that a non-final order which acts like a temporary injunction, might still be appealed, even if not denominated as such). To do so would require the parties to restart the entire appeal anew. Landlord cites no authority for that proposition, and we are aware of none. We therefore decline to dismiss the appeal as moot on that ground.

Landlord also posits that a final hearing was set for August 12, 2024. While a final judgment would generally supersede and moot the appeal of the temporary injunction, *Isuani v. Manske-Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 236 (Tex. 1991) (per curiam), Landlord concedes the setting was not reached, and nothing in our record shows that a final order has been entered.

Finally, Landlord argues that the term of the LLCs' leases has now expired, so neither Rozsa nor the LLCs would have any current right of possession. An appeal from a forcible entry and detainer action becomes moot when (1) the only issue is possession under the terms of a lease, and (2) the lease expires during the pendency of the appeal. *Marshall v. Housing Authority of San Antonio*, 198 S.W.3d 782 (Tex. 2006) (so holding where tenant could not show collateral damages from the dispossession order and the court deleted the court cost judgment against tenant). However, when there are damages issues beyond the mere right of possession, the end of the lease does not moot the appeal. *Spencer v. Gilbert*, No. 03-09-00207-CV, 2010 WL 3064346, at *1–2 (Tex. App.—Austin Aug. 4, 2010, writ dis'd w.o.j.) (mem. op.) ("The damages portion of the case is not moot . . . the controversy over the monetary damage award persists and is not moot."); *Brown v. Apex Realty*, 349 S.W.3d 162, 164 (Tex. App.—Dallas 2011, pet. denied) (declining to dismiss appeal as moot and distinguishing *Marshall* based on a live damage issue). Here, the partial summary judgment against Rozsa for trespass—reserving the damage determination—means this dispute was not mooted by the end of the lease.

We deny Landlord's motion to dismiss for mootness.

10

### C. Rozsa's motion to dismiss[3]

Rozsa files his own motion claiming the case is moot and that Landlord lacks standing based on the sale of the leasehold to a third party during the pendency of the appeal. Rozsa contends this sale—occurring a year *after* issuance of the temporary injunction—renders all the orders in the case (including the sanctions order against Rozsa for his fraud on this Court) void. We disagree.

Landowners sometimes initiate legal proceedings to make their property marketable, such as clearing clouds to title, settling boundary disputes, challenging liens, or as relevant here, evicting trespassers. We are aware of no authority that the subsequent act of selling the property to another makes any prior judicial declaration about the property void ab initio. If that were true, every purchaser of property would face relitigating any prior judicial determination that made their purchase possible. We also reject Rozsa's contention that Landlord acted improperly by not informing this Court of the fact of the sale. The focus of this appeal is the propriety of a temporary injunction issued at a time when Landlord undisputedly owned the premises. Accordingly, we conclude that Landlord has standing to assert a trespass claim (with damages yet to be determined) that is not moot. We deny Rozsa's motion.[4]

## IV. DISCUSSION

Having confirmed our jurisdiction over the appeal, we turn to the merits.

---

[3] The actual title of the motion is "Appellant's Emergency Motion for Judicial Notice of Jurisdictional Defect, to Declare Proceedings Void Ab Initio, and Motion for Sanctions for Systematic Fraud on the Court."

[4] For the same reason, we reject the portion of Rozsa's motion seeking sanctions against Landlord and its counsel. Rozsa draws adverse inferences from the misnomer of Landlord's name on some pleadings or the omission of the guaranty agreement in certain filings. He also asserts that Landlord offered perjured testimony. Were these matters properly raised, they would fail for lack of a complete record below to establish the adverse inferences Rozsa claims.

**A. Landlord's burden and our standard of review**

A temporary injunction serves to preserve the status quo pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). It is an extraordinary remedy and not a matter of right. *Id.* To obtain such relief, a party must plead and prove a cause of action, a probable right to relief, and irreparable injury in the interim. *Id.* A trial court must exercise its sound discretion in either granting or denying a temporary injunction. *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984).

We review an order granting a temporary injunction for an abuse of discretion. *State v. Loe*, 692 S.W.3d 215, 226 (Tex. 2024). Under this standard, we defer to the trial court's factual findings if supported by evidence, but review its legal determinations de novo. *Id.* As the reviewing court, we must not substitute our judgment for that of the trial court unless the trial court's action was so arbitrary it exceeded the bounds of reasonable discretion. *Butnaru*, 84 S.W.3d at 204. In determining whether the trial court abused its discretion, "we view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor." *Grossman v. City of El Paso*, 642 S.W.3d 85, 107 (Tex. App.—El Paso 2021, pet. dism'd).

**B. Because Rozsa declined to file a reporter's record, our review is limited**

The temporary injunction order reflects that the trial court took testimony and admitted exhibits at the hearing below. The court reporter notified this Court that Rozsa had made no arrangements to obtain the record, and we offered Rozsa the opportunity to cure. Rozsa responded with a filing indicating that "this Appellant will not be requesting a reporter's record for this appeal. Please consider the clerk's record, which has already been submitted to the Court, for the purposes of this appeal." Rozsa's decision narrows the scope of what the Court may consider.

12

Texas Rule of Appellate Procedure 37.3 controls when, as here, a clerk's record but no reporter's record is filed due to Appellant's fault. Tex. R. App. P. 37.3(c). In that circumstance, "after first giving the appellant notice and a reasonable opportunity to cure," the appellate court should only "consider and decide those issues or points that do not require a reporter's record for a decision." *Id.*; *In re Spiegel*, 6 S.W.3d 643, 646 n.1 (Tex. App.—Amarillo 1999, no pet.) ("[W]hen the reporter's record is missing and the issue before us depends upon matters within that record we may overrule or reject it."); *Yacopino v. Waters*, No. 03-21-00529-CV, 2022 WL 3691675, at *3 (Tex. App.—Austin Aug. 26, 2022, no pet.) (mem. op.) (same).

One class of errors where the absence of a reporter's record precludes review is factual or legal insufficiency complaints. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968) ("When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."); *Yacopino*, 2022 WL 3691675, at *3. When no reporter's record is filed, "it is presumed that the omitted evidence supports the trial court's judgment." *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (explaining that "absent a complete record on appeal, [court of appeals] must presume the omitted items supported the trial court's judgment"); *In re Spiegel*, 6 S.W.3d at 646 ("Moreover, the reporter's record is so pivotal to our review that its absence obligates us to presume that the missing evidence actually supported the trial court's ruling."). We must also presume the omitted portions are relevant to disposition of this appeal. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam).

**C. Rule 37.3 precludes most of Rozsa's issues; his remaining claims lack merit**

Looking to the substance of the issues argued in his brief, Rozsa's first three issues claim that the evidence does not support the trial court's finding, or that the evidence conclusively establishes the opposite. He contends that Landlord did not meet its burden to show the elements for a temporary injunction (i.e. probable right to relief, irreparable injury, last peaceable possession). He also complains that the trial court did not find what would be affirmative defenses, such as waiver and unconscionability. Because we have no record against which to test the trial court's discretion, we cannot say that the trial court abused its discretion. *See Middleton v. National Fam. Care Life Ins. Co.*, No. 14-04-00428-CV, 2006 WL 89503, at *1–2 (Tex. App.—Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem. op.) (affirming trial court's judgment "[b]ecause we are bound by the dual presumption that the omitted record is relevant to the disposition of this appeal and that it supports the trial court's judgment"). The absence of a reporter's record is fatal to the substance for most of the first three issues on appeal and we overrule Rozsa's Issues One, Two, and Three, with the exception of the sub-part of Issue One and the sub-part of Issue Three separately addressed below.

One thread of Rozsa's first issue claims the trial court erred in granting a temporary injunction based on a petition that lacked a sworn affidavit. Even if this sub-issue could be addressed in the absence of a reporter's record, it lacks merit. The application for a temporary restraining order was accompanied by the unsworn declaration of Shelley Lamoglia, the Senior Property Manager for a company that provided the "day-to-day leasing and management of the property." As such, she "directly interacted with Mr. Joseph Rozsa." Her declaration states that she read the amended petition and the matters in specified paragraphs. She declared "under penalty of perjury that the matters indicated in those paragraphs are within my personal knowledge and

14

are true and correct." The unsworn declaration tracks the requirements of Tex. Civ. Prac. & Rem. Code § 132.001. That statute provides, with exceptions not applicable here, that "an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law." *Id*. Even if there were some technical deficiencies in the declaration, the Third Court of Appeals requires that any defect as to form be raised in the trial court. *ACI Design Build Contractors Inc. v. Loadholt*, 605 S.W.3d 515, 517–18 (Tex. App.—Austin 2020, pet denied). We are not directed to any objection or ruling in the trial court as to the form of the declaration. Accordingly, we overrule the sub-part of Issue One claiming the injunction petition was not sworn.

One thread of Rozsa's third issue challenges the jurisdiction of the trial court to enter a temporary injunction because a forcible entry and detainer action before the justice court is the exclusive remedy for possession. Rozsa contends that a forcible entry and detainer action gave Landlord an adequate remedy at law. *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984) (holding trial court erred in granting injunction for possession when Landlord had an adequate remedy at law through a forcible entry and detainer action).

Landlord's petition alleges, however, that a forcible entry and detainer action was not an adequate remedy in this case. The parties had already been before the justice court twice on Rozsa's actions to re-enter the property after Landlord locked Rozsa out. Each time, Landlord ultimately prevailed in the justice court. In one of those proceedings, the justice court found that Launch Studios was "not entitled to continued use and enjoyment of the property." Rozsa attempted to appeal that determination to a county court, but the appeal was remanded for failure to properly file a bond. The second justice court action was dismissed with prejudice, denying Rozsa any relief. The injunction petition alleges that Rozsa made false filings in those actions.

15

Without a record of the injunction hearing, we have no basis to conclude that the trial court abused its discretion in finding that under the unique circumstances of this case Landlord lacked an adequate remedy through a forcible entry and detainer action.[5] *Middleton*, No. 14-04-00428-CV, 2006 WL 89503, at \*1–2. Accordingly, we overrule the sub-part of Issue Three addressing the exclusive remedy argument.

In his fourth issue, Rozsa contends that the trial court erred in its findings of fact and conclusions of law. The trial court's order contains thirteen findings. Rozsa filed a request for amended and additional findings of fact and conclusion of law.[6] The issue on appeal faults the trial court for adopting the findings from Landlord's proposed order, contending the trial court failed to make adequate findings. Contained in this point is a sub-issue that the trial court abused its discretion in setting the bond at only $5,000.00. Without a record of the hearing, we are unable to test the sufficiency of any of the trial court's findings or determine if additional findings were warranted. As to the bond, we presume that the omitted record supports the trial court's determination as to the bond amount. *Middleton*, No. 14-04-00428-CV, 2006 WL 89503, at \*1–2. We overrule Rozsa's Issue Four.

---

[5] A forcible entry and detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state. *McGlothlin*, 672 S.W.2d at 232. Only one part of the injunction dealt with possession of the premises. Several other provisions prevented Rozsa from interfering with the premises in future.

[6] Our record does not contain a Notice of Past Due Findings of Fact and Conclusions of Law. *See* Tex. R. Civ. P. 297 ("If the court fails to send timely findings of fact and conclusions of law, the party making the request must, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a 'Notice of Past Due Findings of Fact and Conclusions of Law' which must be immediately called to the attention of the court by the clerk."). The failure to file the reminder as required by Rule 297 waives any complaint about the failure to make additional findings. *Averyt v. Grande, Inc.*, 717 S.W.2d 891, 895 (Tex. 1986). For that reason alone, we may overrule the portion of Issue Four complaining of the failure to make additional findings.

## V.  CONCLUSION

Having denied all pending motions of the parties and overruled Appellant's four issues on appeal, we affirm the trial court's order. We incorporate into our judgment the monetary sanctions award, which amount was found by the trial court to accurately reflect the additional fees incurred by Landlord as a result of Rozsa's improper conduct, and assess all costs against Appellant.


LISA J. SOTO

June 26, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.